**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY W. JUDKINS,

  Petitioner - Appellant,

vs.

STEVE HARGETT,

  Respondent - Appellee.

No. 98-6113
(D.C. No. CIV-97-1229-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

  Petitioner-Appellant Jerry W. Judkins, an inmate appearing pro se, appeals

from the district court's denial of his petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  He seeks leave to proceed in forma pauperis and a

certificate of appealability.  The district court determined that his petition was

untimely, being filed after the one-year grace period beyond the effective date of

---

 [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

 [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, that was recognized in United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

Mr. Judkins' state conviction became final on December 22, 1994, prior to the enactment of the AEDPA. Accordingly, in the absence of a suspension of the time limit, he had until April 23, 1997 to file his federal habeas petition. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998); Simmonds, 111 F.3d at 746. Mr. Judkins did file a state court application for post-conviction relief on April 23, 1997, and he correctly argues that according to § 2244(d)(2), the period of limitation should have been tolled while his state collateral review was pending. See Hoggro, 150 F.3d at 1226.

However, Mr. Judkins' habeas petition still fails to meet the deadline, even as extended by the state proceedings. The state trial court denied Mr. Judkins post-conviction relief on June 3, 1997. The Oklahoma Court of Criminal Appeals affirmed the denial on July 7, 1997. With the tolling provided by § 2244(d)(2), Mr. Judkins had until July 8, 1997 to file his federal habeas petition. Only one day remained after the tolling period because Mr. Judkins did not file his state court application until the last day of the grace period for the federal petition. Because he did not file his federal petition until July 25, 1997, the district court correctly found that his petition was untimely. In addition, we agree with the

district court that Mr. Judkins has not shown any recognized basis for equitably tolling the deadline beyond July 8, 1997.  We GRANT Mr. Judkins' motion to proceed in forma pauperis, but because Mr. Judkins has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge