**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 18 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

PERRY LEE CONNER,

      Petitioner - Appellant,

vs.

TIM LEMASTER, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 98-2112
(D.C. No. CIV-97-878-SC)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Mr. Conner, an inmate appearing pro se and in forma pauperis, seeks to appeal from the district court's adoption, over his objection, of the proposed findings and recommendations of the magistrate judge. The district court dismissed Mr. Conner's habeas action with prejudice, on the grounds that it was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

untimely by one day, and also on the merits concluding that Mr. Conner had not established that his plea was involuntary or that it was the product of ineffective assistance of counsel.

For different reasons than the district court, we conclude that Mr. Conner's federal habeas petition was untimely under the one-year limitation provision in 28 U.S.C. § 2244(d)(1) as extended by United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997) (extending period to April 24, 1997), when the tolling provision for time spent pursuing state postconviction relief, 28 U.S.C. § 2244(d)(2), is properly applied.  See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

Although his federal habeas petition reflects a filing date of July 1, 1997, a review of the file indicates that Mr. Conner's habeas petition, together with a transmittal letter were actually received by the district court on June 30, 1997, and filed a day later.  See Memo from Pro Se Section to Intake Section dated June 30, 1997 (lodged in correspondence section of file).  Moreover, Mr. Conner indicated that his "pro se habeas petition was . . . placed in the Penitentiary of New Mexico legal mailbox on June 26, 1997."  R. doc. 16 at 2 (objections).  The federal petition reflects that it was executed on June 26, 1997.  R. doc. 1.  We have recognized that an inmate may rely upon the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), in filing a federal habeas petition; accordingly,

Mr. Conner's federal petition was deemed filed as of the date he placed it in the prison's legal mail system. See Hoggro, 150 F.2d at 1226 n.3.

However, Mr. Conner's federal petition is untimely even with the June 26, 1997 filing date. He may toll only two days from the April 24, 1997 federal deadline—the day his state habeas petition was filed (March 24, 1997) and the day it was denied (March 25, 1997). See 28 U.S.C. § 2244(d)(2). He may not rely upon the time spent pursuing a writ of certiorari in the New Mexico Supreme Court because his certiorari petition, filed on May 2, 1997, was not filed within the requisite thirty day period from the state district court's March 25, 1997 denial of the petition. See N.M.R. Ann., N.M.R. App. P § 12-501(B) (30-day period); Hoggro, 150 F.3d at 1226 n.4.

A prerequisite for tolling the entire period from the filing of a state petition to the denial of a writ of certiorari by the state supreme court is a timely filed certiorari petition. See Barnett v. Lemaster, No. 98-2139, slip op. at 3-5 (10th Cir. Feb. 9, 1999). Although the state supreme court indicated that it had considered the petition, it expressed no opinion on the petition's timeliness in its pro forma order. We have no indication that the New Mexico Supreme Court has adopted a "mailbox rule" for inmate certiorari petitions and would consider the petition timely; therefore, we must follow the language of the appropriate state rules and § 2244(d)(2) with its requirement of "properly filed" requests for

postconviction relief.

Accordingly, we DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge