**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**MAR 17 1999**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

JESUS ESQUIVEL,

    Petitioner - Appellant,

v.

STEVE KAISER,

    Respondent - Appellee.

No. 98-6275

(D.C. No. CIV-97-1470-C)

(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner-Appellant Jesus Esquivel's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner seeks a certificate of appealability to appeal the district court's dismissal of his writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

September 9, 1988, Petitioner was convicted in Oklahoma state court of two counts of kidnapping after a prior felony conviction, feloniously pointing a weapon after a prior felony conviction, and robbery with a firearm after a prior felony conviction. The Oklahoma Court of Criminal Appeals reversed Petitioner's conviction for feloniously pointing a weapon but affirmed his other three convictions on October 6, 1993. Petitioner did not timely seek certiorari review of his convictions.

Proceeding pro se, Petitioner filed this habeas corpus petition challenging his three convictions. He also has renewed his request to proceed *in forma pauperis* on appeal. His petition is dated September 4, 1997, and was filed on September 12, 1997. Respondent moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A). In his response to the motion to dismiss, Petitioner alleged various reasons why the motion should be denied and his time to file should be equitably extended. The magistrate judge recommended that the motion to dismiss be granted and that the petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A), even in light of all the available procedural and equitable tolling provisions. In its Order filed June 19, 1998, the district court adopted the magistrate judge's report and recommendation and dismissed the petition as untimely.

This court has carefully considered and reviewed Petitioner's application

-2-

for a certificate of appealability, his brief, and the record.  Because Petitioner's conviction and sentence became final before April 24, 1996, he had until April 23, 1997, to file any habeas corpus petition.  See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997); see also Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).  However, Petitioner's time for filing was subject to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because he filed an application for post-conviction relief in Oklahoma state court on April 9, 1997.  That application was denied on June 5, 1997.  Thus, Petitioner's time for filing was tolled for a period of fifty-eight days.  Even with this statutory tolling period, however, Petitioner would have had to file his application by June 20, 1997.  His September filing was therefore untimely.  Further, we agree with the magistrate judge and the district court that no equitable tolling principles apply to make this petition timely.  Because the section 2254 petition was time-barred, the district court properly refused to address the merits of Petitioner's claims.

Accordingly, we **DENY** Petitioner's request to proceed *in forma pauperis*

on appeal, **DENY** him a certificate of appealability, and **DISMISS** the appeal.[1]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]Having reviewed the "Brief of Petitioner," construed by this court as a motion to file a supplemental brief, we conclude that it is not helpful to our determination of this matter.  Therefore, the motion is DENIED.