UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JESSE LEE JAMES,

      Petitioner-Appellant,

v.

H.N. SCOTT, a/k/a/ "SONNY" SCOTT;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No.  99-7005

ORDER

Filed May 20, 1999

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

This matter is before the court on its own motion to amend and substitute the order and judgment entered in this appeal on May 7, 1999.  The court has determined amendment is proper.  Consequently, we vacate our prior decision and substitute the attached order and judgment.  Appellees' motion to publish is denied.  The mandate will issue on June 1, 1999

as originally scheduled.

Entered for the Court
PATRICK FISHER, Clerk of Court


by:
    Keith Nelson
    Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

MAY 20 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JESSE LEE JAMES,

      Petitioner-Appellant,

v.

H.N. SCOTT, a/k/a "SONNY" SCOTT;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 99-7005

(D.C. No. 98-CV-421-S)

(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

      Petitioner Jesse Lee James appeals the district court's dismissal of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus as time-barred.  The district court denied

Petitioner's request for a certificate of appealability ("COA").  Petitioner's renewed

application for a COA is pending before us.  See 28 U.S.C. § 2253(c)(1).  After carefully

---

    [*]  This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

    [**]  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the disposition of this
appeal.  See Fed. R. App. P. 34(a)(2)(C).  The case is therefore ordered submitted without
oral argument.

reviewing Petitioner's application for a COA, his brief and the record, we conclude that the district court correctly determined that the petition for habeas relief was time-barred under 28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), a habeas petition is time-barred if it is not filed within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Oklahoma court of Criminal Appeals affirmed Petitioner's conviction on May 14, 1996. His conviction became final ninety days later, on August 12, 1996, at the conclusion of the period for filing a petition for certiorari to the United States Supreme Court. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Petitioner therefore had one year from August 12, 1996, in which to file his federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A).

The one-year limitation period must be tolled while Petitioner pursued state post-conviction relief. See 28 U.S.C. § 2244(d)(2). Petitioner filed his application for post-conviction relief on August 6, 1997, six days before the August 12, 1997, deadline for filing a federal habeas petition. The limitation period was tolled until August 11, 1998, when the Oklahoma Court of Criminal Appeals denied his application for post-conviction relief. Petitioner then had six days, or until August 17, 1998, to file his habeas petition. Petitioner deposited the petition in the prison mail system on August 21, 1998. See Hoggro v. Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998) (date habeas petition placed in prison mail system treated as filing date for purposes of § 2244). Therefore, the

2

petition was filed beyond the one-year limitation period.  Because the petition was untimely, the district court properly refused to address the merits of Petitioner's claim. Accordingly, we DENY Petitioner's application for a certificate of appealability and DISMISS the appeal.

Entered for the Court,


Bobby R. Baldock
Circuit Judge