# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

ALLAN HOGGRO,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden,

      Respondents-Appellees.

No. 97-6383

## ORDER

Filed July 24, 1998

Before BALDOCK, EBEL AND MURPHY, Circuit Judges.

Appellee's petition for rehearing is denied.

The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the suggestion is also denied.

The order and judgment filed on June 24, 1998, shall be published. The published opinion is attached to this order.

           Entered for the Court
           PATRICK FISHER, Clerk of Court

F I L E D
United States Court of Appeals
Tenth Circuit

JUN 24 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ALLAN HOGGRO,

       Petitioner-Appellant,

v.

BOBBY BOONE, Warden,

       Respondents-Appellees.

No. 97-6383

---

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. Civ-97-0861-M)**

---

Submitted on the briefs:[*]

Allen Hoggro, pro se, for appellant.

Alicia A. George, Assistant Attorney General for the State of Oklahoma, for appellees.

---

Before **BALDOCK, EBEL** and **MURPHY,** Circuit Judges.

---

   [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

**EBEL,** Circuit Judge.

This appeal involves the proper application of the new one-year statute of limitations for habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C.A. §§ 2244(d)(1) - (d)(2) (West Supp. 1998)). Because the district court failed to apply the statutorily prescribed tolling provision in 28 U.S.C.A. § 2244(d)(2), we grant the appellant's request for a certificate of appealability under 28 U.S.C.A. §§ 2253(c)(1)(A) & (c)(2), and we reverse the dismissal of the appellant's habeas corpus petition.

## Background

The petitioner Allan Hoggro was serving a ten-year sentence for various state offenses on December 17, 1993, when he escaped from the state penitentiary where he was being held in Oklahoma County, Oklahoma. Upon Hoggro's recapture, the Oklahoma County District Attorney's office filed a criminal information against Hoggro charging him with escape. Before this charge was adjudicated, the Oklahoma Department of Corrections brought administrative charges against Hoggro for the escape. On February 1, 1994, prison authorities found Hoggro in violation of department regulations, ordered him to forfeit all of

his accumulated good time credits (approximately 1,200 days), to be confined to disciplinary segregation for 30 days, and to be fined $15.

Eight months later, Hoggro's state criminal charges were adjudicated through a guilty plea. On October 17, 1994, the Oklahoma County District Court sentenced Hoggro to an 18-year prison term to be served concurrently with his pre-existing sentence. Hoggro did not file a direct appeal or a motion to withdraw his guilty plea.

Nevertheless, on September 26, 1996, Hoggro filed a pro se application for post-conviction relief in Oklahoma state court alleging that his conviction for escape violated the Double Jeopardy Clause of the Fifth Amendment, as applied to the states, because he already was "punished" for the escape through the administrative discipline handed down by the Department of Corrections. On October 25, 1996, the state district court denied Hoggro's petition on the grounds that the administrative discipline did not constitute "punishment" subject to the Double Jeopardy Clause. Hoggro did not perfect his appeal of this decision to the Oklahoma Court of Criminal Appeals until December 9, 1996, and because his appeal was more than thirty days after the decision of the state district court, on December 26, 1996, the Court of Criminal Appeals dismissed Hoggro's appeal as

untimely. On February 6, 1997, the Court of Criminal Appeals denied a motion for reconsideration that the court said it had received from Hoggro.[2]

Hoggro mailed his pro se petition for federal habeas corpus relief to the Clerk of the Western District of Oklahoma on May 9, 1997, but the petition was not stamped as "filed" by the court until May 27, 1997. Hoggro's federal petition again raised the same double jeopardy argument he presented in the state courts. The magistrate judge concluded that Hoggro's May 9, 1997, mailing was not sufficient to meet the one-year limitations period of the revised habeas corpus statute. Hoggro filed an Objection to the magistrate judge's recommendation, arguing that the magistrate judge had incorrectly applied the new statute of limitation. The district court, however, adopted the magistrate's report and recommendation in toto. The district court also denied a certificate of appealability for Hoggro.

Hoggro subsequently filed a timely notice of appeal in the district court, as well as an application for a certificate of appealability from this court.

---

[2]Hoggro has insisted in the federal courts that he never filed a motion for reconsideration, and he points out that the Court of Criminal Appeals has not responded to his request to provide him with a copy of the alleged motion for reconsideration.

**Discussion**

In 1996, Congress amended the long-standing prior practice in habeas corpus litigation that gave a prisoner virtually unlimited amounts of time to file a habeas petition in federal court. In the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress established a one-year period of limitations for habeas petitions.[3] See 28 U.S.C.A. § 2244(d)(1). This limitation period generally begins to run from the date on which a prisoner's direct appeal from his conviction

---

[3]The language of the new habeas limitation period provides:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d).

became final. See id. The implication of this language could mean that a prisoner whose conviction became final more than a year before the AEDPA went into effect would have no avenue to bring a habeas petition because his petition would always be out of time under the new language. However, recognizing that such a result raises retroactivity problems, the circuits have held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitation does not begin to run until April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Calderon v. United States District Court for the Central District of California, 128 F.3d 1283, 1287 (9th Cir. 1997); Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997); see also United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997) (applying the same rule against retroactivity to the parallel one-year statute of limitations for federal post-conviction relief under 28 U.S.C.A. § 2255).

The magistrate judge's recommendation to dismiss Hoggro's habeas petition as untimely relies entirely on the language in Simmonds in which this court announced that "prisoners whose convictions became final on or before April 24, 1996, must file their § 2255 motions before April 24, 1997." See Simmonds, 111 F.3d at 746. The magistrate judge said there is "no justification"

in Hoggro's case for going beyond the April 24, 1997, deadline announced in Simmonds.  We disagree.

To understand Simmonds, we must keep in mind the difference between a motion under 28 U.S.C.A. § 2255 and a habeas petition under 28 U.S.C.A. § 2254, with the complimentary limitation period for habeas petitions under 28 U.S.C.A. § 2244(d).  In Simmonds, the court dealt with a § 2255 motion challenging the defendant's underlying conviction in federal court.  See Simmonds, 111 F.3d at 739.  Hoggro's § 2254 habeas petition, however, challenges his conviction in state court.  The new statutes of limitation in AEDPA – § 2244(d)(1) and § 2255 – recognize this important difference by including in § 2244(d)(2) statutory language that tolls from the limitations period any time spent pursuing a state post-conviction relief.  See 28 U.S.C.A. § 2244(d)(2).

Obviously, federal courts considering a § 2255 motion have no occasion to consider time spent on state post-conviction proceedings because no such state proceedings are likely to occur in a federal criminal case.  In Simmonds, we did not need to address the possible effect of state-court litigation on § 2255's one-year limitations period because the defendant had been convicted in federal district court in Kansas.  Thus, the apparently firm deadline of April 24, 1997, in Simmonds is appropriate only for motions like Simmonds' under § 2255.

The situation is entirely different under § 2254, where Congress has explicitly instructed the federal courts – through § 2244(d)(2) – to toll time spent in state court. See 28 U.S.C.A. § 2244(d)(2). The clear force of the statutory language in § 2244(d)(2) requires the federal courts to toll time spent in state-court post-conviction litigation. The language of Simmonds cannot justify the district court's refusal to toll Hoggro's time spent pursuing post-conviction relief in the Oklahoma courts.

Applying this understanding of the limitations period in § 2244(d) to Hoggro's case, we conclude that his habeas petition meets the one-year limitations period. Hoggro's one-year limitations clock began to run on April 24, 1996, when AEDPA went into effect. Hoggro mailed his federal habeas petition on May 9, 1997[4] – 380 days after AEDPA went into effect. However, the time during which Hoggro had "a properly filed application for State post-conviction or other collateral review" should be subtracted from this 380 days. Thus, the 29

---

[4]In Hoggro's Reply to Defendants' Motion to Dismiss, he included a copy of the prison mailing receipt that shows his habeas petition was placed in the prison mail system on May 9, 1997. This proof of mailing is sufficient to establish that Hoggro's pro se prisoner petition was "filed" on May 9, 1997. See Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that pro se prisoner's notice of appeal is "filed" when he "delivers such notice to the prison authorities for forwarding to the clerk of the District Court"); Swoboda v. Dubach, 992 F.2d 286, 288-89 (10th Cir. 1993) (holding that when a prison does not maintain a special mail system for legal mail, then proof of a pro se prisoner's mailing through the regular prison mail system is sufficient to establish his notice of appeal is filed.)

days from September 26, 1996 (when Hoggro filed his application for post-conviction relief) to October 25, 1996 (when the state district court denied his application) should not be counted.[5] The resulting elapsed time on Hoggro's limitations clock is 351 days, well within the one-year limit.

For these reasons, we GRANT the application for a certificate of appealability, and we REVERSE the district court's order.

---

[5]We may not count the additional time during which Hoggro appealed the denial of his application for post-conviction relief because that appeal was untimely. Section 2244(d)(2) requires a court to subtract time only for the period when the petitioner's "properly filed" post-conviction application is being pursued. <u>See</u> 28 U.S.C.A. § 2244(d)(2).