**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SANFORD DANIEL ARMIJO,

      Petitioner-Appellant,

v.

RICHARD MARR; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 99-1132
(D.C. No. 97-Z-1211)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Sanford Daniel Armijo appeals the district court's order adopting the recommendation by a magistrate judge that his petition for a writ of habeas corpus be denied. Because petitioner has not made a substantial showing that he was denied a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal.

Petitioner was convicted of one count of second degree murder and sentenced to twenty-four years' incarceration. His conviction was affirmed by the Colorado Court of Appeals on October 5, 1989, and his petition for certiorari review was denied by the Colorado Supreme Court on April 23, 1990. He then filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), which was denied. The denial was affirmed on December 14, 1995, and certiorari review was refused on July 23, 1996.

On June 11, 1997, [1] petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254, raising four issues: (1) ineffective assistance of counsel; (2) violation of his Fifth Amendment right against self incrimination; (3) denial of due process by denying his motion for a new trial; and (4) denial of due process by failing to require a unanimous jury verdict. The magistrate judge to whom the case was assigned found that none of these issues had merit and

---

[1] Because petitioner filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to his appeal. See Lindh v. Murphy, 521 U.S. 320, 336 (1997).

recommended that the petition be denied.  Petitioner's objections to the recommendation challenged only the resolution of his ineffective assistance of counsel claim.  The district court adopted the magistrate judge's recommendation, and this appeal followed.

We note initially that this habeas petition was timely under the one-year limitation imposed by AEDPA.     See 28 U.S.C. § 2244(d)(1) (Supp. 1999) (requiring, in relevant part, that a habeas petition be filed within one year from the date a prisoner's conviction becomes final).  Because petitioner's conviction became final before AEDPA's April 24, 1996 enactment, under our case law he had one year from that date to file his habeas petition.     See Hoggro v. Boone , 150 F.3d 1223, 1225-26 (10th Cir. 1998).  This one-year period was tolled, however, while his request for certiorari review of the denial of his post-conviction motion was pending before the Colorado Supreme Court.     See 28 U.S.C. § 2244(d)(2) (Supp. 1999) (tolling one-year period while application for state post-conviction relief pending);     Hoggro , 150 F.3d at 1226 (holding tolling provision applies to one-year grace period).  As petitioner's request for certiorari review was already pending on April 24, 1996, his one-year period began to run when the Colorado Supreme Court denied his request on July 23, 1996.  Therefore, the June 11, 1997 habeas petition was timely.

As a prerequisite to appellate review, petitioner must obtain a certificate of appealability by making a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2) (Supp. 1999).  Because he objected only to the magistrate judge's recommendation concerning his ineffective assistance of counsel claim, petitioner's entitlement to a certificate of appealability is limited to that claim.  Cf. Vega v. Suthers , No. 98-1024, 1999 WL 973608 at *4 (10th Cir. Oct. 26, 1999) (holding petitioner's failure to object to issue in magistrate's report and recommendation waives appellate review of that issue).

Further, because this is a post-AEDPA case, our review of the state court's decision is extremely deferential.  Pursuant to 28 U.S.C. § 2254(d), petitioner cannot obtain federal habeas relief unless he shows that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Any factual determinations by the state courts are presumed correct unless rebutted by clear and convincing evidence. See § 2254(e)(1) (Supp. 1999).

In light of these standards, petitioner has not shown that the state court erred in holding that even if counsel made errors due to her inexperience, there

-4-

was no reasonable probability that such errors prejudiced the trial's outcome. Petitioner argues his attorney was inadequate because (1) she had never tried a felony case; (2) a week before trial she had only interviewed one witness; (3) her cross-examination was ineffective; (4) she permitted the admission of improper evidence; and (5) she did not object to the prosecution's closing statements. Without providing any details regarding these alleged errors, petitioner argues simply that prejudice should be presumed. These alleged errors are not of the type for which prejudice is presumed, however. See Strickland v. Washington, 466 U.S. 668, 692-93 (1984) (describing limited situations in which prejudice is presumed and requiring proof of prejudice in all other cases); United States v. Cronic, 466 U.S. 648, 658-62, 665 (1984) (describing when prejudice will be presumed, and holding specifically that an attorney's inexperience does not justify a presumption of ineffectiveness).

Here, petitioner did not show that counsel failed to interview additional witnesses in the week before trial, did not describe what she would have learned had she interviewed such witnesses, did not explain what counsel failed to ask during cross-examination, did not describe the allegedly inadmissible evidence, and did not describe the prosecution's closing statements. Without such information, petitioner could not possibly establish prejudice to the outcome of his trial. Because petitioner has not made a substantial showing that he was

denied a constitutional right, we deny his application for a certificate of appealability.

The appeal is DISMISSED.

Entered for the Court

Michael R. Murphy
Circuit Judge