**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DUANE WILLETT,

      Petitioner-Appellant,

v.

JIM SMITH, Warden, Utah State
Prison; UTAH STATE PRISON,

      Respondents-Appellees.

No. 00-4180

(D.C. No. 00-CV-274)

(D.Utah)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Duane Willett, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 petition for writ of habeas corpus as untimely. We deny the request for a certificate of appealability and dismiss the appeal.

Willett was convicted by a jury in state court of capital homicide in February 1994, and was sentenced to life in prison. The Utah Supreme Court affirmed his convictions on September 12, 1995, State v. Willett, 909 P.2d 218, 221 (Utah 1995), and his rehearing request was denied on December 27, 1995. Willett was granted an extension until March 27, 1997, to file a state habeas petition, but did not file his petition until September 20, 1999. The Utah Supreme Court denied his habeas petition on October 18, 1999.

Willett filed his § 2254 petition on March 28, 2000, contending (1) the trial court misinterpreted the Utah due process law; (2) he received ineffective assistance of trial counsel because there was no pretrial investigation and a conflict of interest; (3) the trial court's erroneous ruling was a result of personal bias and/or prejudice; (4) a conspiracy existed that resulted in intimidation and fear to alibi witness testimony; (5) he was denied his Sixth and Fourteenth Amendment rights to present defense witnesses; (6) the trial court committed error in allowing the State to refile the original information; (7) the trial court committed error in not allowing a new preliminary hearing; (8) there was insufficient evidence to substantiate the conviction; (9) the prosecutor introduced unreliable and uncorroborated hearsay testimony; (10) there was prosecutorial

2

misconduct; (11) the State pursued a malicious prosecution; and (12) he was denied a fair trial based on improper and prejudicial jury instructions. The district court directed respondents to respond to the habeas petition. Respondents filed their response on May 25, 2000, alleging Willett's habeas petition was barred by the statute of limitations.

The magistrate court issued its report and recommendation on September 26, 2000, finding Willett's habeas petition was time-barred and recommending that the petition be dismissed as untimely. The district court originally adopted the report and recommendation and dismissed the petition as untimely on October 12, 2000, finding Willett failed to file objections to the report. Although Willett's objections were filed October 16, 2000, the certificate of mailing indicated the objections were delivered to prison officials on October 6, 2000. Willett filed an objection to the dismissal order pursuant to Federal Rule of Civil Procedure 59(e). On March 14, 2001, the district court determined that Willett had filed timely objections to the magistrate's report, vacated its October 12 order, re-adopted the magistrate's report, and dismissed Willett's habeas petition as untimely.

As Willett filed his habeas petition on March 28, 2000, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under 28 U.S.C. § 2244(d)(1) and

<u>Hoggro v. Boone</u>, 150 F.3d 1223, 1225-26 (10th Cir. 1998), Willett had until April 23, 1997, to file his habeas petition. He did not seek post-conviction relief in state court during the applicable limitation period and his application for post-conviction relief filed in September 1999 did not toll the running of the limitation period.

Willett's request for a certificate of appealability is DENIED. The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4