**Sedrick SCOTT, Petitioner–Appellant,**

v.

**David MCKUNE, Warden; State of Kansas, Respondents–Appellees.**

**No. 01–3037.**

United States Court of Appeals, Tenth Circuit.

Aug. 16, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th

**ORDER AND JUDGMENT** **

PAUL KELLY, JR., Circuit Judge.

Mr. Scott, an inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas petition brought under 28 U.S.C. § 2254. Mr. Scott was convicted of two counts of aggravated battery, one count of aggravated assault, and one count of aggravated kidnapping in Kansas state court. *State v. Scott,* 250 Kan. 350, 827 P.2d 733, 736 (Kan.1992). He was sentenced to five to twenty years imprisonment for the battery convictions, three to ten years imprisonment for the assault conviction, and life imprisonment for the kidnapping conviction, all sentences to run concurrently. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(c), and deny Mr. Scott a COA and dismiss his petition.

The Kansas Supreme Court affirmed Mr. Scott's convictions on February 28, 1992. *Scott,* 250 Kan. 350, 827 P.2d 733. Approximately five years later, on June 30, 1997, Mr. Scott filed a motion for post-conviction relief in state district court. R. doc. 8, at 1; Pet. Br. at 4. The state district court denied the motion, the court of appeals affirmed, and the supreme court denied review. R. doc. 8, at 1–2. Mr. Scott then filed the instant habeas petition in federal district court. R. doc. 1. The district court dismissed the petition, R. doc. 8, and denied a COA. R. doc. 15.

A COA should issue only if Mr. Scott "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court dismissed

Mr. Scott's petition as barred by the statute of limitations. R. doc. 8, at 4. Habeas petitions brought under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Because Mr. Scott's conviction was made final before the effective date of the Antiterrorism and Effective Death Penalty Act, the limitations period did not begin to run until April 24, 1996. *Hoggro v. Boone,* 150 F.3d 1223, 1225–26 (10th Cir.1998). Thus, Mr. Scott had until April 23, 1997 to file his federal habeas petition unless the limitations period was tolled. § 2244(d)(2) tolls the statute of limitations during the time "a properly filed application for State post-conviction or other collateral review" is pending. The district court concluded that the limitations period was not tolled in Mr. Scott's case because he did not file his motion for state-post conviction relief until after June 23, 1997,[1] and there was no basis for equitable tolling (because Mr. Scott did not seek post-conviction relief until five years after his conviction). R. doc. 8, at 3.

We have reviewed the district court's order, the record, and Mr. Scott's brief and COA application filed on appeal. Having done so, we hold that Mr. Scott has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Mr. Scott's argument that the court should have "exercize[d] its Authority under 28 U.S.C. § 2241 ... and con-

---

Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The district court rejected Mr. Scott's contention that he submitted his motion to dismiss to prison staff in April 1997 for mailing, finding that the state court record did not support this contention. R. doc. 8, at 3. Mr. Scott does not contest this finding on appeal.

duct[ed] an Evidentiary hearing" is without merit.  COA App. at 3.

Therefore, we DENY Mr. Scott a COA and DISMISS his petition.