F I L E D
United States Court of Appeals
Tenth Circuit

**April 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN P. CALCARI,

    Petitioner-Appellant,

v.

DIRECTOR OF THE DEPARTMENT
OF CORRECTIONS, and THE
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

    Respondents-Appellees.

No. 05-8104

(D. of Wyo.)

(D.C. No. 04-CV-249-CAB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

    Petitioner-Appellant Brian P. Calcari, a state prisoner appearing pro se,

requests a certificate of appealability (COA) to challenge the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. Finding no

---

    [*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantial denial of a constitutional right, we deny a COA and dismiss this appeal.

Calcari pled guilty in Wyoming state court to grand larceny in May 1993. He did not file a direct appeal. In September 2003, he filed a petition for state post-conviction relief, which the state district court dismissed as time-barred. Following this dismissal, he filed a federal habeas petition asserting, among other claims, that the evidence offered at trial was insufficient to support his conviction and his counsel was ineffective. The district court dismissed his petition, stating that because Calcari's conviction became final prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), April 24, 1996, his federal habeas petition would have been timely only if filed by April 24, 1997. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). The district court found that Calcari's application for state post-conviction relief did not toll that date because his state petition was untimely. *See id.* at 1226 n.4 (noting that only "properly filed" state post-conviction applications may toll the limitations period); *see also* 28 U.S.C. § 2244(d)(2) (same).

Where the district court denies a habeas petition on procedural grounds, this court may issue a COA only where a habeas petitioner makes a substantial showing of the denial of a constitutional right, *i.e.*, a demonstration that "jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the district court is undeniably correct in its procedural ruling, Calcari fails to make either showing.

Accordingly, we deny a COA and dismiss this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge