FILED
United States Court of Appeals
Tenth Circuit

January 27, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD DEWAYNE CUMMINS,

Petitioner - Appellant,

v.

JUSTIN JONES,

Respondent - Appellee.

No. 09-6217
(W.D. Oklahoma)
(D.C. No. 5:09-CV-00347-M)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Ronald DeWayne Cummins seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas application he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In his application, filed on March 31, 2009, Cummins raised four claims challenging the constitutionality of his two 1987 convictions for first degree murder.

In a well-reasoned Report and Recommendation, a federal magistrate judge noted Cummins's conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently,

Cummins had until April 24, 1997, to file his federal habeas petition. *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). The one-year period could not be statutorily tolled while Cummins pursued state post-conviction relief because he did not seek that relief until September 26, 2008, more than ten years after the one-year period of limitation had expired. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Although Cummins argued the limitations period should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(B) or § 2244(d)(1)(D) because he was never informed of his right to file an appeal, the uncontroverted record undermined his arguments. A minute order filed on January 16, 1987, in the District Court of Pottawatomie County, Oklahoma, reflects what happened at Cummins's sentencing proceeding. It states: "[Cummins] advised of his right to appeal and that if he is financially unable to pay for the record the same will be furnished at State expense. Defendant affirmatively waives his notice of appeal."

The Report and Recommendation also examined whether Cummins was entitled to equitable tolling of the AEDPA limitations period but ultimately recommended the § 2254 petition be denied as untimely. After considering Cummins's objections to the Report and Recommendation, the district court adopted the magistrate judge's recommendation and dismissed Cummins's § 2254 petition.

To be entitled to a COA, Cummins must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Cummins has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Cummins need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Cummins's appellate brief and application for COA, the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Cummins is not entitled to a COA. Further, the record

-3-

establishes Cummins has failed to demonstrate any circumstance that justifies equitable tolling. Thus, it is clear the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

The district court's resolution of Cummins's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Cummins has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Cummins's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-