FILED
United States Court of Appeals
Tenth Circuit

May 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY W. TANKSLEY,

      Petitioner - Appellant,

v.

JAMES FALK, Warden, Sterling Facility, THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents - Appellees.

No. 15-1073
(D. Colorado)
(D.C. No. 1:14-CV-03100-LTB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Jimmy W. Tanksley was convicted in Colorado state court in 2001 on charges of assault on a police officer and motor-vehicle theft. In 2014 he filed in the United States District Court for the District of Colorado an application for relief under 28 U.S.C. § 2254 in which he challenged the convictions on the ground that he was denied a speedy trial because of the state's failure to comply with requirements of the Interstate Agreement on Detainers. The district court denied the application as untimely. Mr. Tanksley now seeks from us a certificate of appealability (COA) so that he may

appeal that denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We decline to grant a COA and dismiss the appeal.

After Mr. Tanksley was convicted in state court, he unsuccessfully appealed to the Colorado Court of Appeals, and the Colorado Supreme Court denied his petition for a writ of certiorari on February 16, 1993. Because his conviction became final before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year limitations period established by AEDPA, *see id.* § 2244(d), did not begin to run until April 24, 1996, the effective date of the Act. *See Hoggro v. Boone*, 150 F.3d 1223, 1225–26 (10th Cir. 1998). The limitations period can be tolled while the prisoner is pursuing state-court postconviction proceedings; but no such proceedings were pending in April 1996, and after that date Mr. Tanksley initiated no such proceedings until November 2003. Thus, the limitations period had long expired when he filed his application under § 2254. As the district court stated, Mr. Tanksley has provided no grounds for any other statutory or equitable tolling of the limitations period. And his brief in this court does not provide any ground supporting an argument that his application was timely.

Accordingly, no reasonable jurist could debate the district court's determination that the application was untimely, so we cannot grant a COA. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain a COA the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

2

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks omitted)).

We deny Mr. Tanksley's request for a COA and dismiss the appeal. We GRANT Mr. Tanksley's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3