FILED
United States Court of Appeals
Tenth Circuit

July 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

GEORGE JAY VAN DUZER,

     Petitioner - Appellant,

v.

WARDEN SIMMS; ACTING WARDEN
HORTON, in interim,

     Respondents - Appellees.

No. 18-2080
(D.C. No. 2:18-CV-00405-JB-LF)
(D. N.M.)

———————————————

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
———————————————

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
———————————————

Applicant George Van Duzer seeks a certificate of appealability (COA) to appeal

the denial by the United States District Court for the District of New Mexico of his

application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring

COA to appeal final order in a habeas proceeding in which the detention complained of

arises out of process issued by a state court). We decline to grant a COA and dismiss the

appeal because the district court properly determined that the application was untimely.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the [application] should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [application] or that the [applicant] should be allowed to proceed further." *Id.*

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), an applicant in custody pursuant to a state-court judgment has one year after his conviction becomes final to seek relief under § 2254. *See* 28 U.S.C. § 2244 (d)(1)(A). The time limit may be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244 (d)(2).

Applicant filed his § 2254 application on April 30, 2018, twenty-three years after his unappealed conviction and sentence. The district court thoroughly explained why the application was untimely. No reasonable jurist could debate that decision. The only thing we add is that Applicant is incorrect in arguing (apparently for the first time) that AEDPA does not apply to him because his conviction predated enactment of that statute. The statute applies because his application postdates the effective date of the statute. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (§ 2254 applicants convicted before AEDPA are under a one-year limitations period beginning on statute's effective date); *Spencer v. Sutton*, 239 F.3d 626, 628 (4th Cir. 2001) ("AEDPA was signed into law on April 24, 1996, and became effective immediately . . . . [For prisoners] whose

2

criminal convictions preceded enactment of the AEDPA, the limitations period began to run with the AEDPA's effective date on April 24, 1996, and ended on April 24, 1997.").

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge