**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 7 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

BILLY DON RUCKER,

      Petitioner-Appellant,

v.

KEN KLINGER, Warden,

      Respondent-Appellee.

No. 99-5194

(D.C. No. 98-CV-554-(K)M)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

On May 20, 1993, Petitioner Billy Don Rucker pled nolo contendere in Oklahoma

state court to one count of assault and battery with a dangerous weapon and one count of

maiming. The state trial court sentenced Petitioner to seventeen years imprisonment.

Petitioner did not move to withdraw his plea and did not perfect a direct appeal. Instead,

Petitioner made numerous applications for post-conviction relief in the state courts. On

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

July 27, 1998, Petitioner filed his § 2254 petition for a writ of habeas corpus in the federal district court.

In a thorough order, the district court dismissed the petition as untimely. Because Petitioner's state court conviction and sentence became final prior to enactment of the AEDPA, the grace period allowed under United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) applied. Under Simmonds, state prisoners whose convictions became final prior to April 24, 1996, must file their § 2254 petitions within one year of the AEDPA's enactment. Id. The one year period of limitations, however, is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2); see Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Because Petitioner's collateral proceedings in state court were pending before or after, but not during the grace period, the district court held that the petition was time-barred. The court subsequently denied Petitioner a certificate of appealability. See 28 U.S.C. § 2253(c). His renewed application is before us.

A petitioner may appeal the denial of a § 2254 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the district court's order and the entire record before us. We conclude that Petitioner's petitioner is untimely substantially for the reasons set forth in the district court's order dismissing the petition as untimely. Accordingly, we deny his request for a certificate of

2

appealability and dismiss the appeal.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge