**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEE TRAYLOR,

        Petitioner-Appellant,

v.

GARY GIBSON,

        Respondent-Appellee.

Nos. 99-6016 and 99-6112
(W. Dist. of Oklahoma)
(D.C. No. CIV-98-364-R)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Lee Traylor's *pro se* petition for a certificate of probable cause, which this court construes as a petition for a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability ("COA"), and motion for leave to proceed on appeal *in forma pauperis*. Traylor seeks a COA so that he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(a). The district court dismissed Traylor's § 2254 petition on the grounds that it was brought outside of the one-year limitations period set out in 28 U.S.C. § 2244(d). As set forth more fully below, Traylor has not made a substantial showing of the denial of a constitutional right and is, therefore, not entitled to a COA. *See id.* § 2253(c)(2). Furthermore, a review of Traylor's appellate filings confirms the district court's conclusion that this appeal is not taken in good faith. *See id.* § 1915(a)(3). Accordingly, this court **denies** Traylor a COA, **denies** Traylor's request to proceed on appeal *in forma pauperis*, and **dismisses** this appeal.

Traylor was convicted and sentenced upon a plea of guilty to assault and battery on April 2, 1979, in Oklahoma state court. Traylor did not appeal this conviction but, instead, filed a habeas corpus petition in state court on June 11, 1997. That state petition was denied on September 24, 1997; the Oklahoma Court of Criminal Appeals declined to assume jurisdiction and dismissed Traylor's request for habeas relief on December 24, 1997. Traylor filed the instant § 2254 habeas petition on March 26, 1998.

In response to Traylor's § 2254 habeas petition, the district court directed the parties to address whether Traylor's challenge to his conviction was barred by the one-year statute of limitations set forth in § 2244(d). After reviewing the parties' submissions, the district court concluded that Traylor's § 2254 petition was untimely. In particular, the district court noted that although Traylor's conviction became final in 1979, Traylor had one year from the April 24, 1996, effective date of § 2244(d) to file for federal habeas corpus relief. *See United States v. Simmonds*, 111 F.3d 737, 744-46 (10th Cir. 1997). Traylor, however, did not file his § 2254 petition until March 26, 1998, well beyond the grace period established by this court in *Simmonds*. Furthermore, even though § 2244(d) tolls the running of the limitations period during any time "properly filed" state post-convictions proceedings are pending, *see Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998), Traylor filed his first "proper" state petition in June of 1997, well after the § 2244(d) limitation period had already expired. In addition, the district court concluded that Traylor's conclusory assertions of a state created impediment to the filing a federal habeas petition were particularly unconvincing in light of the fact that Traylor had not even sought to properly utilize Oklahoma's state post-conviction remedies until the federal limitations period had already expired, approximately eighteen years after Traylor had pleaded guilty in state court. Accordingly, the district court dismissed Traylor's § 2254 petition as

untimely. Shortly thereafter, the district court denied Traylor's belated motion for recusal, noting that Traylor's allegations of bias were based exclusively on the fact that Judge Russell had ruled against Traylor in the past. As noted by the district court, adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based on bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Traylor is entitled to a COA only if he can demonstrate that the district court's resolution of his § 2254 petition is deserving of further proceedings, reasonably debatable among jurists of reason, or subject to a different resolution on appeal. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). This court has reviewed Traylor's petition for a COA, appellate brief, and supplemental appellate brief; the district court's Memorandum Opinion and Order dated October 22, 1998, dismissing Traylor's petition, the district court's order dated November 3, 1998, denying Traylor's motion for recusal, and the district court's order dated May 25, 1999, denying Traylor's motion for reconsideration; and the entire record on appeal. That close review clearly demonstrates the district court's dismissal of Traylor's § 2254 petition as untimely is not deserving of further proceedings on appeal or subject to a different resolution on appeal. Accordingly, we **DENY** Traylor's request for a COA, **DENY** Traylor's request to proceed on appeal *in forma pauperis*, and **DISMISS** the appeal. Traylor's

-4-

"Motion for Transfer to Cure Want of Jurisdiction" is **DENIED** as moot in light of the fact that the district court denied Traylor's motion for reconsideration on May 25, 1999.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge