**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LUKE ROBINSON,

        Petitioner-Appellant,

v.

STEPHEN KAISER, Warden of
Davis Correctional Center,

        Respondent-Appellee.

No. 99-5155
(D.C. No. 99-CV-133-K)
(N.D. Okla.)

---

LUKE ROBINSON,

        Petitioner-Appellant,

v.

STEPHEN KAISER, Warden of
Davis Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondents-Appellees.

No. 99-7136
(D.C. No. 99-CV-177-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

In these two appeals, pro se petitioner Luke Robinson seeks certificates of appealability to challenge the district courts' denials of his petitions for writs of habeas corpus, filed pursuant to 28 U.S.C. § 2254. [1] Mr. Robinson seeks to appeal the denial of: (1) his § 2254 petition challenging his seventy-five-year sentence imposed by the Tulsa County District Court (Tulsa conviction); and (2) his § 2254 petition challenging his sixty-year sentence imposed by the Muskogee County District Court (Muskogee conviction). In each case, the federal district court dismissed Mr. Robinson's petition as time barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because Mr. Robinson has failed to make a "substantial showing of the denial of a constitutional right" in either case, we deny each of his requests for a certificate of appealability, and dismiss both appeals. 28 U.S.C. § 2253(c)(2).

The Tulsa Conviction, No. 99-5155

_____

[1]     Mr. Robinson was represented by counsel in the district court in both of his § 2254 cases on review here.

-2-

Mr. Robinson was convicted by jury of robbery by force with two prior felony convictions, for which he was sentenced, on January 12, 1993, to seventy-five years' imprisonment. On May 23, 1995, the Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. Mr. Robinson filed a petition for writ of habeas corpus in the Northern District of Oklahoma on April 17, 1997. The federal district court dismissed his petition without prejudice for failure to exhaust state remedies. On April 22, 1997, Mr. Robinson filed for state post-conviction relief. The Tulsa County District Court denied relief on November 25, 1997 and, on February 18, 1998, the Oklahoma Court of Criminal Appeals affirmed that denial.

Mr. Robinson then filed a federal habeas petition on February 17, 1999. The district court, affirming and adopting the magistrate judge's report and recommendation, found Mr. Robinson's petition time barred under AEDPA and rejected his equitable tolling arguments. Thereafter, the district court denied his request for a certificate of appealability.

On appeal, Mr. Robinson argues that the district court did not apply § 2244(d) correctly. He claims that he missed the deadline through no fault of his own, but, rather, due to ineffective assistance of counsel. He also argues that the doctrine of equitable tolling applies to his petition because his attorney did not correctly apprise him of the filing deadline.

AEDPA establishes a one-year limitations period for federal habeas petitions which generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). For prisoners whose convictions became final before April 24, 1996--AEDPA's effective date--the one-year limitations period commences on April 24, 1996. See Hoggro, 150 F.3d at 1225-26. Time spent pursuing a properly filed application for state post-conviction review, however, tolls the one-year grace period. See 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226.

Here, Mr. Robinson filed his state post-conviction petition one day before the expiration of his AEDPA grace period. He therefore had to file his federal petition one day after the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. Instead, he waited close to one year before filing his petition in federal court.

We have reviewed the record, Mr. Robinson's arguments, the relevant law, and the district court's decision. Mr. Robinson's arguments do not further his cause. His petition is time barred under AEDPA and the doctrine of equitable tolling does not save his petition. Specifically, Mr. Robinson did not:
(1) diligently pursue his remedies as required by Miller v. Marr, 141 F.3d 976,

978 (10th Cir.), cert. denied , 525 U.S. 891 (1998); (2) present any "extraordinary circumstances" outside his control that made it impossible for him to file his petition on time, Calderon v. United States District Court , 128 F.3d 1283, 1288 (9th Cir. 1997); cert. denied , 522 U.S. 1099 (1998); or (3) make a colorable showing of actual innocence, see Miller , 141 F.3d at 978.

Counsel's ineptitude, while unfortunate, does not save Mr. Robinson's petition. First, there is no federal constitutional right to counsel in collateral proceedings. See Pennsylvania v. Finley , 481 U.S. 551, 555 (1987). Second, this court has held that a pro se petitioner cannot rely on his lack of knowledge about AEDPA in order to garner the benefits of equitable tolling. See Miller , 141 F.3d at 978 (noting that pro se petitioner "simply did not know about the limitation in AEDPA until it was too late" and affirming district court's denial of habeas petition as time barred) . Given these two principles, it would be unfair to invoke equitable tolling when a petitioner is poorly represented in collateral proceedings and to apply the doctrine based on counsel's lack of knowledge of AEDPA. Counsel's ineptitude would be of greater concern, perhaps, if Mr. Robinson could show that he diligently pursued his remedies or if he made a more substantial showing of actual innocence.

The Muskogee Conviction, No. 99-7136

Mr. Robinson was convicted of larceny of merchandise from a retail store with two prior felonies, for which he was sentenced, on November 9, 1993, to sixty years' imprisonment. The Oklahoma Court of Criminal Appeals affirmed his conviction on January 22, 1996. On April 23, 1997, he sought post-conviction relief in the Muskogee County District Court. That court's denial of relief was affirmed by the Oklahoma Court of Criminal Appeals on September 11, 1998.

Mr. Robinson filed his federal habeas petition on April 14, 1999. The district court dismissed Mr. Robinson's petition as time barred under AEDPA and rejected his equitable tolling argument because he failed to make a colorable showing of actual innocence. The district court denied Mr. Robinson's request for a certificate of appealability.

On appeal, Mr. Robinson concedes his petition was late under AEDPA, but argues that the district court should not have applied the limitations period to his case because he had ineffective assistance of counsel and the petition was late through no fault of his own. He also claims that he made a colorable showing of actual innocence and that the doctrine of equitable tolling saves his petition.

We have reviewed the record, Mr. Robinson's arguments, the relevant law, and the district court's decision. For the same three reasons stated above in reference to the Tulsa conviction, Mr. Robinson's petition is not subject to

equitable tolling. Again, for the reasons discussed in reference to the Tulsa conviction, counsel's ineptitude does not save his petition.

For the foregoing reasons we DENY certificates of appealability in Nos. 99-5155 and 99-7166 and DISMISS the appeals.

Entered for the Court


Mary Beck Briscoe
Circuit Judge