**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALAN DAVID SWENDRA,

Petitioner-Appellant,

v.

MICHAEL L. BEIDA, Honorable,
Arapahoe County District Court;
ROBERT FURLONG, Superintendent,
Limon Correctional Facility; GALE
NORTON, Attorney General, State of
Colorado,

Respondents-Appellees.

No. 97-1368
(D.C. No. 95-N-1161)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Alan David Swendra, a state inmate appearing pro se, requests a certificate of appealability to appeal the district court's order dismissing his 28 U.S.C. § 2254 habeas petition. Because Swendra has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

In January 1994, Swendra filed a pro se motion for post-conviction relief in Arapahoe County, Colorado, pursuant to Colo. R. Crim. P. 35(c). In June 1994, he supplemented his motion with an additional claim for relief.[1]

While the litigation proceeded in state court, Swendra filed the present habeas petition in federal district court in May 1995, arguing the Arapahoe County court's failure to rule on his post-conviction motion violated due process. On July 27, 1995, after referral of the case by the district court to the magistrate court, the magistrate recommended that the habeas petition be dismissed for failure to exhaust state court remedies. On September 25, 1996, the district court ordered the parties to report on the status of the post-conviction motion in state court, and the parties reported it was still pending.

---

[1] Swendra filed two unrelated 35(c) motions in Jefferson County, Colorado, which were denied, and the Colorado Court of Appeals affirmed the denials. He also filed a petition for writ of mandamus in the Colorado Supreme Court, asking it to examine both of his state convictions and "rectify the [w]rongful [c]onvictions," which was denied in October 1996.

The Arapahoe County court conducted a hearing on Swendra's post-conviction motion on April 24, 1997. However, instead of litigating his claim, Swendra argued the court did not have jurisdiction and filed a supporting motion, arguing he wanted his claim addressed in federal court. The court denied Swendra's jurisdiction motion and offered to set his motion for post-conviction relief for hearing, but Swendra refused. Since he refused a hearing, the court found Swendra had waived his right to pursue his post-conviction motion in state court and closed the case.

On September 18, 1997, apparently unaware that Swendra's post-conviction motion in Arapahoe County had been denied and the case closed, the federal district court dismissed Swendra's habeas petition on the alternative basis that Swendra had failed to demonstrate any prejudice by virtue of any delay in proceedings before the Arapahoe County court. We need not address the correctness of this rationale as the basis for dismissal of this habeas petition as there remains the continuing problem of Swendra's failure to exhaust state court remedies.

A state court prisoner seeking habeas relief in federal court is required to exhaust state court remedies. See 28 U.S.C. § 2254(b); see also Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997). Since Swendra refuses to litigate his post-conviction motion in Arapahoe County, he has failed to exhaust his state court remedies.

The request for a certificate of appealability is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
