**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY R. MCCLURE,

      Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

      Respondent-Appellee.

No. 00-6040

W.D. Okla.

(D.C. No. CIV-97-1417-L)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

    Barry McClure is a state prisoner who is serving a life sentence without the

possibility of parole after conviction for first degree murder. Mr. McClure filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was

dismissed by the district court as untimely. On appeal, this court reversed and

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is, therefore, ordered submitted without oral argument.

remanded for further proceedings and held that the statute of limitations had been tolled during the pendency of Mr. McClure's state post-conviction proceedings pursuant to Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998).

On remand, the magistrate judge submitted a 28-page Supplemental Report and Recommendation and recommended that the petition be denied on the merits. A copy of this Supplemental Report and Recommendation, filed September 23, 1999, is attached hereto and made a part hereof. The district court considered Mr. McClure's objections to the Supplemental Report and Recommendation and concluded that Mr. McClure's objections were "simply not supported by the record as it exists in this case." Aplt's App. at 219. The district court thereupon adopted the Supplemental Report and Recommendation and denied the petition.

Mr. McClure appeals that decision and asks us to grant a certificate of appealability. He contends that: (1) he was denied a fair trial because he was not able to present evidence of self defense; (2) the trial judge was biased and acted as an advocate for the prosecution; (3) the trial court's jury instructions regarding malice and heat of passion manslaughter were flawed; (4) the sentence of life without the possibility of parole was arbitrarily imposed; (5) several instances of prosecutorial misconduct denied him a fair trial; and (6) he was denied effective assistance of counsel.

We hold that Mr. McClure has failed to make the required substantial showing of the "denial of a constitutional right," 28 U.S.C. § 2253(c)(2), to obtain a certificate of appealability. Like the district court, we agree with the thorough and accurate analysis by the magistrate judge in the attached Supplemental Report and Recommendation.

We DENY the application for a certificate of appealability and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge