**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THEODORE R. WALKER,

      Petitioner-Appellant,

v.

THE STATE OF OKLAHOMA, and
JAMES R. SAFFLE, Director,

      Respondents-Appellants.

Nos. 01-6073 and 01-6059
(D.C. Nos. 00-CV-1149-L and
00-CV-1109-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Theodore R. Walker ("Walker") seeks a Certificate of

Appealability to appeal the district court's dismissal of two separate petitions for

habeas corpus, which we have consolidated sua sponte for disposition in this

order and judgment. In addition, he moves this court for leave to proceed in

forma pauperis for purposes of appeal pursuant to 28 U.S.C. § 1915.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Walker pled guilty in December 1987 to larceny from a retailer, possession of a signed credit card, and forgery, and received a three-year suspended sentence for each conviction. (No. 01-6073 Doc. 13 at 1.) On May 12, 1988, Walker pled guilty to additional charges that included two counts of first-degree robbery, five counts of first-degree burglary, second-degree robbery, unauthorized use of a motor vehicle, and robbery with a firearm, all of which were subject to sentencing enhancements because of his prior felony convictions. (No. 00-6059 Doc. 17 at 1.) See Okla. Stat. tit. 21 § 51(B). Walker was sentenced to forty years imprisonment for each of the two robbery convictions and to twenty years imprisonment for each of the remaining convictions, with all sentences to be served consecutively.[1] (Id. at 1-2.) Finally, on June 21, 1988, Walker pled guilty to applications to revoke the three suspended sentences he received in December 1998. (No. 01-6073 Doc. 13 at 2.) He was sentenced to three years on each count, to be served concurrently with his forty year sentence for the first robbery conviction. (Id.)

Walker has filed two petitions for writs of habeas corpus. In case number 01-6073, Walker challenges the revocation of the three suspended sentences on

---

[1] Walker filed a motion to withdraw this guilty plea on June 28, 1988, which was denied on July 1, 1988. (No. 01-6059 Doc. 17 at 3.) He appealed the denial of this motion, and the Oklahoma Court of Criminal Appeals affirmed the trial court's decision on August 15, 1989. (Id.)

grounds that his trial counsel in the December 1987 proceeding had a conflict of interest that rendered her unable ethically to represent Walker, and she failed to inform him of all of the advantages and disadvantages of pleading guilty. (No. 01-6073 Doc. 3 at 5-6.) In case number 01-6059, Walker alleges his sentences were wrongfully enhanced pursuant to Okla. Stat. tit. 21 § 51(B) because his prior convictions were "factually insufficient" to support the enhancement, and because of his counsel's alleged conflicts of interest. (No. 01-6059 Doc. 2 at 5-6.)

The district court dismissed both petitions because they were untimely under the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1). The district court reasoned that, because Walker's convictions all became final before the effective date of AEDPA, April 24, 1996, his right to petition for a writ of habeas corpus was subject to a one-year grace period ending on April 23, 1997. (No. 01-6073 Doc. 13 at 3; No 01-6059 Doc. 17 at 3.) See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Walker did not file his petitions for state post-conviction relief until September 1999 in case number 01-6073 and October 1999 in case number 01-6059. (No. 01-6073 Doc. 13 at 4; No. 01-6059 Doc. 17 at 3-4.) He filed both of his federal petitions for habeas corpus in June 2000. (No. 01-6073 Doc. 13 at 4; No. 01-6059 Doc. 17 at 3-4.) Therefore, the district court found that the petitions were untimely and that considerations of equity did not

operate to excuse the untimely filings.  (No. 01-6073 Doc. 15 at 1-2, Doc. 13 at 4; No. 01-6059 Doc. 19 at 2, Doc. 17 at 7-9.)

For substantially the reasons set forth in the district court's orders,[2] we find that Walker's petitions do not make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  We therefore deny his requests for Certificates of Appealability and accordingly we DISMISS his petitions.  For the same reasons, we find that his appeal is not taken in good faith, and thus we DENY his motion to proceed in forma pauperis.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]On appeal, Walker has argued that the district court erred in applying a one-year statute of limitations because his petitions should have been construed under 28 U.S.C. § 2241 rather than § 2254.  Even if we were to accept Walker's contention that his petitions raise claims under § 2241, such claims are still subject to a one-year statute of limitations beginning "on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  In this case, Walker has made no showing that his claims could not have been discovered through the exercise of due diligence so as to toll the statute.  Therefore, here too, he fails to make a substantial showing of the denial of a constitutional right.