**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN WILSON,

      Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility, Kansas Department
of Corrections; PHILL KLINE, Attorney
General of Kansas,

      Respondents-Appellees.

No. 04-3300

(D.C. No. 04-CV-3185-SAC)

(D. Kansas)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **HARTZ,** Circuit Judges.

Kevin Wilson, a state prisoner appearing pro se, seeks a certificate of appealability

(COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as

time barred. We deny the request for a COA and dismiss the appeal.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336

(2003). A COA can issue only "if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. After careful review of all of the filings and the record on appeal, we conclude the requirements for issuance of a COA have not been met.

On June 22, 1990, Wilson was convicted of one count of rape and one count of aggravated burglary. His convictions were affirmed on direct appeal. See State v. Wilson, 817 P.2d 1136 (Kan. App. 1991) (unpublished). On February 13, 1997, Wilson filed an action for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 in state district court, which was denied on March 3, 1997. The Kansas Court of Appeals affirmed the denial on January 29, 1999, and the Kansas Supreme Court denied review on March 16, 1999. Wilson filed a second § 1507 action in state district court on August 17, 1999, which was denied on October 29, 1999. The Kansas Court of Appeals affirmed the denial on February 20, 2004, and the Kansas Supreme Court denied review on May 25, 2004.

Wilson filed his § 2254 habeas petition on June 8, 2004, claiming (1) ineffective assistance of appellate counsel on direct appeal, and (2) a Fourth Amendment search and seizure violation. In dismissing the petition, the district court found that Wilson failed to file his habeas petition in a timely manner and that there was no basis for equitable tolling in the record.

Because Wilson's state conviction became final prior to the effective date of the

2

Antiterrorism and Effective Death Penalty Act of 1996 (April 24, 1996), he had a one-year grace period to April 23, 1997, to file a petition for federal habeas relief. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). The one-year grace period was tolled from February 13, 1997, to March 16, 1999, while his first state § 1507 action was pending, and from August 17, 1999, to May 25, 2004, while his second state § 1507 action was pending. 28 U.S.C. § 2244(d)(2). The district court found that Wilson presented no argument concerning the periods between April 24, 1996, and February 13, 1997, or between March 16, 1999, and August 17, 1999, and that those periods, combined with the period between May 25, 2004, and June 8, 2004, exceeded the one-year limitation period.

Wilson has filed a document with this court entitled "New Evidence for Certificate of Appealability," arguing equitable tolling is justified because he was appointed five different counsel, which was an "extraordinary circumstance" beyond his control. This information, which Wilson describes as "new evidence," was not presented to the district court and cannot be considered by this court in the first instance. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992). Further, a listing of counsel who previously had represented Wilson is not new evidence, but rather was known or discoverable by Wilson prior to the filing of his federal habeas action. See 28 U.S.C. § 2244(d)(1)(D). In addition, the listing presented does not indicate when these counsel represented Wilson or how that fact should result in equitable tolling of the one-year filing period. See Gibson

<u>v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000) (stating equitable tolling permitted only in rare and exceptional circumstances).

We DENY the request for a COA and DISMISS the appeal for substantially the same reasons as stated in the district court's order filed August 3, 2004.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4