**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEANDRE FRANKLIN SMITH,

Petitioner - Appellant,

v.

CHARLES RAY,

Respondent - Appellee.

No. 06-5047

N. D. Oklahoma

(D.C. No. 05-CV-0151-CVE-PJC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Deandre Franklin Smith was convicted in Oklahoma state court of several criminal offenses and sentenced to 25 years' imprisonment. He appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed his conviction and sentence on August 25, 2003. Mr. Smith apparently did not seek certiorari review in the United States Supreme Court. On August 2, 2004,

_____

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Smith filed an application for postconviction relief in state district court, which denied relief on September 8, 2004. He appealed to the OCCA, which declined jurisdiction and dismissed the appeal as untimely on November 8, 2004.

On March 18, 2005, Mr. Smith filed a habeas application under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The district court dismissed his application, ruling that Mr. Smith had not complied with the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), and that he was not entitled to equitable tolling of the limitations period. The district court also denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA). Mr. Smith now seeks a COA from this court, which we deny.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a

substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

On appeal Mr. Smith does not challenge the district court's determination that he had failed to file his § 2254 application within AEDPA's one-year limitations period. He does, however, challenge the district court's ruling on three other grounds.

First, Mr. Smith argues that he was improperly denied the six hours of weekly access to legal materials to which he claims to be entitled under *Lewis v. Casey*, 518 U.S. 343 (1996). But he did not raise this claim in district court, so we will not consider it. *See Simmat v. U. S. Bureau of Prisons*, 413 F.3d 1225, 1240 (10th Cir. 2005) (we will not address issues raised for the first time on appeal).

Second, Mr. Smith argues that inadequacies in the state postconviction proceedings resulted in a denial of due process. Again, however, he did not raise this claim in district court, so we will not consider it. *See id*. In any event, he fails to explain how these inadequacies caused his federal application under § 2254 to be untimely.

Third, he argues that the limitations period should be equitably tolled because "during his post-conviction appeal he had only a 30-day window to perfect an appeal, at which time he was subject to suffer unfor[e]seeable facility lock-downs, shake-downs, library closings and equipment failure." Aplt. Br. at 16. He appears to be arguing that he was not at fault for filing an untimely postconviction appeal to the OCCA. This untimeliness reduced the amount of time during which the limitations period was statutorily tolled by his state postconviction proceedings. The district court rejected Mr. Smith's argument that the limitations period should be tolled during the pendency of his postconviction proceedings, from August 2 until November 8, 2004, the date the OCCA dismissed his postconviction appeal, because the untimely appeal was not "properly filed" as required by AEDPA, 28 U.S.C. § 2244(d)(2); *see Hoggro v. Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998) (no tolling of the "time during which [the defendant] appealed the denial of his application for post-conviction relief because that appeal was untimely. Section 2244(d)(2) requires a court to subtract time only for the period when the petitioner's 'properly filed' post-conviction application is being pursued."). Instead, the court ruled that the limitations period was tolled only from August 2 until October 8, 2004, thirty days after the state district court denied postconviction relief. But even if we exercised equitable powers to treat Mr. Smith's appeal to the OCCA as timely – thus crediting him with tolling until the OCCA dismissed his appeal on November

8, 2004, rather than until only October 8, 2004—his § 2254 application would still be untimely. The district court calculated that AEDPA's limitations period expired on January 29, 2005. With the addition of 31 days (October 8 to November 8), the AEDPA limitations period would have expired on March 1, 2005. Mr. Smith's § 2254 application was received for filing by the district court on March 18, 2005. The earliest date one could attribute to the application is the date entered for the "Declaration Under Penalty of Perjury" at the end of the application form, which is March 4, 2005. Thus, the application was at least three days late even if Mr. Smith's state postconviction appeal were considered timely. No reasonable jurist could dispute the district court's ruling that Mr. Smith is not entitled to relief on the ground of equitable tolling.

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge