**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMIAH DEL BOUZIDEN,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director,

      Respondent - Appellee.

No. 06-6095
(D.C. No. 06-CV-16-C)
(W.D. Okla.)

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Jeremiah Del Bouziden, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

On July 24, 2002, Bouziden was convicted of eight drug-related charges and possession of a firearm while in the commission of a felony. He did not appeal his conviction, but moved to withdraw his guilty plea six days after he was sentenced. The Oklahoma district court denied his motion on August 15, 2002. On January 23, 2004, Bouziden filed an application for post-conviction relief, which was denied on April 19, 2004. Bouziden appealed that decision on May

26, 2004, but the Oklahoma Court of Criminal Appeals ("OCCA") dismissed his appeal as untimely.  On March 22, 2005, Bouziden filed a second application for post-conviction relief, which was denied by the Oklahoma district court on June 14, 2005.  The same court issued amended orders denying relief on July 19, 2005.  Bouziden appealed the amended orders on August 16, 2005, and the OCCA affirmed on November 9, 2005.

On January 9, 2006, Bouziden filed this § 2254 habeas petition, alleging that his attorney lied to him concerning the potential length of his sentence, that the trial judge promised to review his sentence one year after his conviction, and that the trial judge misled him as to his right to appeal.  The district court dismissed Bouziden's petition as time-barred and denied his subsequent request for a COA.  He now requests a COA from this court.[1]

---

[1] Bouziden's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Bouziden to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  Because the district court denied Bouziden a COA, he may not appeal the district court's decision absent a grant of COA by this court.

The statute of limitations for § 2254 petitions is set forth in 28 U.S.C. § 2244(d).  It states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>      . . . or
>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Bouziden's conviction became final on August 26, 2002.[2]  Accordingly, he had until August 26, 2003 to file a habeas petition or toll the statute of limitations by filing an application for state post-conviction relief.  Bouziden did neither.  He filed his habeas petition on January 9, 2006, and his first application for state post-conviction relief on January 23, 2004 – both well after the statute of limitations had run.

---

[2] After the trial court denied Bouziden's motion to withdraw his plea on August 15, 2002, he had until August 26, 2002 to file a notice of appeal. Oklahoma law provides ten days to appeal the denial of an application to withdraw a plea.  See Okla. Stat. tit. 22, Ch. 18, App., Rule 4.2(D).  However, because August 25, 2002, fell on a Sunday, Bouziden had until August 26, 2002. See Okla. Stat. tit. 22, Ch. 18, App., Rule 1.5.

Alternatively, Bouziden argues that, because the trial judge promised to review his sentence after one year, his limitations period should not have begun running until he discovered that promise to be false. See 28 U.S.C. § 2244(d)(1)(D) (starting the limitations period when the factual predicate of a claim could have been discovered). Even if we were to grant Bouziden a limitations period start date of August 26, 2003, and we express no opinion on whether this date would be proper, his petition would remain time-barred. Before the filing of his first application for state post-conviction relief, 126 days had elapsed. Bouziden's limitation period would be tolled from January 23, 2004 to April 19, 2004, while his initial application was pending. See 28 U.S.C. § 2244(d)(2). It would also be tolled from April 19, 2004 to May 19, 2004, the time period during which Bouziden could have filed an appeal of his initial application. The limitations period would not be tolled by Bouziden's untimely appeal because it was not "properly filed" under § 2244(d)(1)(D). See Hoggro v. Boone, 150 F.3d 1223, 1227 n.5 (10th Cir. 1998) (holding that untimely appeals are not considered properly filed). Bouziden then had 239 days to file once the tolling period ended, or until January 15, 2005. He did not file his petition by that date.

Finally, Bouziden requests equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Nothing in the record indicates that Bouziden faced extraordinary circumstances that prevented him from diligently pursuing his claims. As such, equitable tolling would be improper in this case.

For the reasons set forth above, Bouziden's request for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge